UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN JHAGROO,

                              Petitioner,

          -against-

IMMIGRATION COURT AND PRISON
IN CUSTODY OF COLLINS C.F.
ULSTER C.F. DOWNSTATE C.F.,

                              Respondents.

1:19-CV-3689 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently incarcerated in the Mohawk Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[1] He has paid the filing fee to bring this action. For the reasons discussed below, the Court grants Petitioner leave to file an amended petition within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)

---

[1] Petitioner filed his petition while he was incarcerated in the Collins Correctional Facility.

(internal quotation marks and citations omitted); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "'from compliance with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The petition is difficult to understand. It is a § 2241 form petition for asserting challenges to immigration matters. Petitioner checks the boxes on the form that state that he is challenging: (1) the length of his detention, (2) the denial of an immigration application, (3) the failure of the Government to act on an immigration application, (4) removal proceedings, (5) mandatory detention, (6) an immigration detainer, and (7) other immigration matters.[2] (ECF 1, p. 2.) But Petitioner also states, in the space for him to describe the other immigration matters that he is contesting, that he is challenging his "case and lawsuits. I cannot understand this. I need assistance please pro se." (*Id.*)

In the space provided for him to list his first ground for *habeas corpus* relief and its supporting facts, Petitioner states that he does not know "what is going on in my case and I am not in the right state of mind due to the fact I am on physe [sic] meds . . . [he is a] mental health patient." (*Id.* p. 3.) He also states that he is "not in appeal part of my case yes I just want to know what is going on. Rescue I am lost!" (*Id.*) He further states, in the space provided to show whether or not he first presented his first ground for *habeas corpus* relief to an immigration

---

[2] According to the website of the New York State Department of Corrections and Community Supervision, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000, Petitioner is currently serving a state prison sentence after being convicted in the New York Supreme Court, Queens County. The maximum expiration date of his state prison sentence is May 26, 2023.

agency, that "[i]t was out of the blew [sic] a lawyer came and seen me at Green C.F. I was not in the [right] state of mind at all." (*Id.*)

Petitioner does not list a second ground for *habeas corpus* relief, but in the space provided to list supporting facts for that ground, he states that "these are all old cases from 2014 and ICE just now is seeing as of March and April and so on." (*Id.*) He goes on to state that "I should not be deported. I should get help for my mental [state] . . . and emotional[] distress." (*Id.* p. 5.) He describes himself as a "level 2 mental health patient . . . on serious medication." (*Id.* p. 6.)

Petitioner is "asking the Courts to help me and [is] seeking compensation for all the[] illegal stuff that has been going on in my case and this is an[] old case from 2014 and my 1st time in Immigration Courts. Stop my deportation due to all my lawsuits . . . ." (*Id.* p. 5.)

## DISCUSSION

### A.    Challenge to deportation

This Court cannot consider any challenge Petitioner makes in his § 2241 *habeas corpus* petition to an order of deportation or removal because this Court lacks jurisdiction to consider such a challenge. *See* 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien.") The only way for Petitioner to seek judicial review of an order of deportation or removal is in a petition for review filed in the United States Court of Appeals for the circuit in which the Immigration Court ordered deportation or removal. *See* § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal

. . . . [T]he terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28."), (b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). A petition for review must be filed within 30 days of the date that the order of deportation or removal became final.[3] *See* § 1252(b)(1).

The petition seems to assert, in part, that Petitioner is challenging an order of removal that was issued in 2014 by an Immigration Court located at the Ulster Correctional Facility. The Court construes that portion of the petition as a petition for review. But this Court lacks jurisdiction over such a challenge. The Court therefore denies that portion of the petition without prejudice to any challenge Petitioner may make to an order of deportation or removal in a petition for review filed in the appropriate Court of Appeals.[4]

**B.      Rule 2(c) of the Rules Governing Section 2254 Cases**

Under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, a *habeas corpus* petition must specify all of a petitioner's available grounds for *habeas corpus* relief, set forth the facts supporting each of the specified grounds, and state the relief requested. A district court can apply these rules, which are applicable to *habeas corpus* petitions brought under 28 U.S.C. § 2254, to petitions brought under § 2241 as well. *See* Rule 1(b) of the

---

[3] An order of deportation or removal usually becomes final when, following a litigant's administrative appeal of that order to the Board of Immigration Appeals ("BIA"), the BIA issues a decision agreeing with that order or, if the litigant does not seek BIA review, when the time to seek BIA review has expired. *See* 8 U.S.C. § 1101(a)(47)(B). But a Court of Appeals may not review an order of deportation or removal until after a litigant exhausts all available administrative remedies, *see* § 1252(d)(1), including BIA review.

[4] The Court declines to transfer the petition for review to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 1631 because the petition for review appears to be untimely; the Court is not permitted to transfer an untimely petition for review to the Court of Appeals. *See De Ping Wang v. DHS*, 484 F.3d 615, 617-18 (2d Cir. 2007).

Rules Governing Section 2254 Cases. A petition for federal *habeas corpus* relief must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

Petitioner seems to also challenge the Government's action or inaction with respect to immigration matters that do not involve an order of deportation or removal, among which is the Government's alleged failure to act on his immigration application. (*See* ECF 1, p. 2.) The Court may have jurisdiction to consider such a challenge. *See, e.g.*, *Rodriguez v. Nielsen*, No. 16-CV-7092, 2018 WL 4783977, at *10-19 (E.D.N.Y. Sept. 30, 2018) (holding that under the Administrative Procedure Act ("APA"), Government officials have a non-discretionary duty to adjudicate the immigrant-plaintiff's work authorization application, and compelling them to do so) (collecting cases holding that Government officials have a non-discretionary duty to adjudicate immigration-related applications); *Bondarenko v. Chertoff*, 07-MC-0002, 2007 WL 2693642, at *3-11 (W.D.N.Y. Sept. 11, 2007) (holding that the Attorney General has a non-discretionary duty to adjudicate an immigration application within a reasonable time and that the court's exercise of jurisdiction under the APA and the mandamus statute is not barred by 8 U.S.C. § 1252); *Hoo Loo v. Ridge*, No. 04-CV-5553, 2007 WL 813000, at *3-4 (E.D.N.Y. Mar. 14, 2007) (holding that there is no jurisdictional bar to a district court's consideration of APA or mandamus claims that Government officials have unreasonably or unlawfully delayed issuing a decision on an immigration application); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 512 (S.D.N.Y. 2005) (similar holding).

Because the petition fails to clearly specify what Government action or inaction Petitioner is challenging, Petitioner's grounds for *habeas corpus* relief or other legal relief, or

any facts supporting that relief, the petition does not conform to Rule 2(c)'s requirements – the Court does not understand what Petitioner is challenging and why. The Court therefore grants Petitioner leave to amend his petition so that it conforms to the requirements of Rule 2(c).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and note service on the docket.

The Court denies that portion of the petition in which Petitioner challenges an order of deportation or removal without prejudice to any such challenge Petitioner may make in a petition for review filed in the appropriate Court of Appeals.

The Court grants Petitioner leave to file an amended petition containing the information specified above. The amended petition must be submitted to this Court's Pro Se Intake Unit within sixty days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition for a Writ of *Habeas Corpus* Under 28 U.S.C. § 2241 form is attached to this order. Petitioner should complete the form in the manner described in this order. Once submitted, the amended petition will be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny the remainder of the petition.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   November 13, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge