UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN JHAGROO,

                Petitioner,

-against-

IMMIGRATION COURTS,

                Respondent.

1:19-CV-3689 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

By order dated November 13, 2019, the Court granted Petitioner, who appears *pro se* and is currently incarcerated in the Mohawk Correctional Facility, leave to file an amended petition for a writ of *habeas corpus* within sixty days of the date of that order.[1] The Court construed that portion of Petitioner's original *habeas corpus* petition that challenged a 2014 order of removal as a petition for review, and denied it for lack of jurisdiction without prejudice to Petitioner's filing a petition for review in the appropriate Court of Appeals. The Court also granted Petitioner leave to file an amended petition that complied with the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

On November 25, 2019, the Court received Petitioner's amended petition, which he drafted using the form for seeking *habeas corpus* relief under 28 U.S.C. § 2241. In his amended petition, Petitioner checks the boxes showing that he is challenging (1) how his sentence is being executed, (2) his pretrial detention, (3) his immigration detention, (4) an unspecified detainer, and (5) the validity of his conviction or sentence. (ECF 5, at 2.) He asserts that his federal administrative immigration proceedings are pending. He asks the Court "to seek me prevention against torture and keep me in the US due to the fact I fear for my life and want my deportation

---

[1] Petitioner has paid the filing fee to bring this action.

to be [postponed] or cancelled." (*Id.* at 8.) He may also be challenging his conviction or sentence that was issued by a state court in Suffolk County, New York. (*See id.* at 1-2.)

As the Court discussed in its November 13, 2019 order, the Court has no jurisdiction to consider any challenge Petitioner makes to an order of deportation or removal because such a challenge can only be brought in a petition for review in the appropriate Court of Appeals. (ECF 4, at 3-4); *see* 8 U.S.C. § 1252(a)(5), (b)(2), (g). In that order, the Court understood Petitioner's allegations in his original petition as asserting a challenge to what appeared to be a 2014 order of removal. (*See* ECF 4 at 3-4.) In his amended petition, Petitioner states that his immigration proceedings are pending and asks the Court to postpone or cancel his deportation. The Court therefore understands the amended petition as challenging, in part, an order of deportation or removal that Petitioner is also challenging in pending administrative immigration proceedings. The Court construes that portion of the amended petition as a petition for review and denies it for lack of jurisdiction without prejudice to any challenge Petitioner may make to an order of deportation or removal in the appropriate Court of Appeals.

Petitioner is currently serving a state sentence – he is not held in immigration detention. And while he seems to challenge an order of deportation or removal, and states that his immigration proceedings are pending, he makes brief references to his Suffolk County conviction and sentence and checks the boxes in his amended petition form showing that he may be challenging that conviction or sentence. To the extent that Petitioner seeks *habeas corpus* relief from his Suffolk County conviction or sentence, this Court is not the proper venue for those claims. Because Suffolk County lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), the proper venue for a petition for a writ of *habeas corpus* challenging a Suffolk

County conviction or sentence – a petition brought under 28 U.S.C. § 2254 – is the United States District Court for the Eastern District of New York. *See* Local Civil Rule 83.3 ("Unless otherwise provided by statute, applications for a writ of habeas corpus made by persons under the judgment and sentence of a court of the State of New York shall be filed, heard and determined in the District Court for the district within which they were convicted and sentenced . . . ."). Accordingly, the Court denies Petitioner *habeas corpus* relief from his Suffolk County conviction or sentence without prejudice to Petitioner's filing a § 2254 *habeas corpus* petition in the proper venue, the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and note service on the docket. The Court denies the amended petition.

The Court understands the amended petition to, in part, challenge an order of deportation or removal. The Court construes that portion of the amended petition as a petition for review and denies it for lack of jurisdiction without prejudice to Petitioner's filing a petition for review in the appropriate Court of Appeals. 8 U.S.C. § 1252(a)(5), (b)(2), (g).

The Court denies the remainder of the amended petition in which Petitioner challenges a Suffolk County conviction or sentence without prejudice to Petitioner's filing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in the proper venue for such a petition, the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a).

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 20, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge